IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>VAQUERIA LAS MARTAS INC<br>EIN #66 0541863<br><br>Debtor | BANKRUPTCY 18-07304 ESL<br><br>CHAPTER 12 |
| IN RE<br><br>JUAN M. BARRETO GINORIO<br>Debtor | BANKRUPTCY 18-07310 ESL<br><br>CHAPTER 12 |

DEBTOR REQUEST FOR SUBSTANTIVE CONSOLIDATION

TO THE HONORABLE COURT:

COME NOW debtors through their undersigned counsel and respectfully request and pray for the consolidation of cases under §105(a) and Fed. R. Bankr. P. 1015 as follows:

1. Vaquería Las Martas Inc and Juan M. Barreto Ginorio separately filed for relief under chapter 12 on December 14, 2018 pursuant to 11 U.S.C. §1201 et seq.

2. Juan M. Barreto Ginorio filed individually and is Vaquería Las Martas Inc. President and Chief Executive Officer and entirely controls the operation and administration of the dairy farm.

3. Debtors request the substantive consolidation of the two cases under the Court's equitable power under §105(a) of the Code that provides that a court "may issue any order. . necessary or appropriate to carry out the provisions of [the Code]." 11 U.S.C. §105(a).

4. Debtor Juan M. Barreto Ginorio is an individual in case number 18-07310 and the sole owner of Vaqueria Las Martas, Inc. He serves as the official of the corporation and is responsible and in charge of the daily operations of the dairy farm. Debtor has been an employee of the corporation in the past, but due to the declining milk production has only been able to draw rent for use of the President's farmland from the corporation when funds are available.

5. Debtor in case number 18-07304, Vaquería Las Martas, Inc. is a corporation dedicated to the

1

operation of a dairy farm organized pursuant to the laws of the Commonwealth of Puerto Rico since 1998. The operation of Vaquería Las Martas is located at Naranjito Ward, State Road 422, Km. 8.3, Hatillo, Puerto Rico leased from its President and debtor Juan M. Barreto Ginorio, who is the title holder of the real property from which Vaquería Las Martas operates. The lease will be assumed.

6. Both the corporation, Las Martas Inc. and its President, Juan M. Barreto Ginorio, are jointly liable on the secured farm related debts owed to Triangle and USDA Farm Service.

7. Due to the reduction in milk production experienced by the dairy farm in the last years, it has been increasingly difficult for debtors to produce sufficient milk product to enable it to repay its creditors under the terms and conditions required under the cross collaterized loans and simultaneously operate an efficient and robust milk production of past years. Consequently, thus, the need of both debtors for the filing of the respective bankruptcy petitions.

8. An order for substantive consolidation, although not explicitly authorized by statute – is not in contravention of and does not enervate any other specific provision of the Code. Under the flexible approach to interpreting equitable remedies, substantive consolidation fits within the traditional boundaries of equitable relief inasmuch as it is closely analogous to veil-piercing type theories. There is nothing in the Code that prevents substantive consolidation. *The Preservation of Substantive Consolidation.* Ryan W. Johnson. **ABI Journal** Jul/Aug 2005

9. The consolidation of the cases will benefit creditors and parties in interest, as well as enable the more efficient administration of the two estates for debtor, as well as for the administration by the Court and the Chapter 12 Trustee of the cases. Through substantive consolidation debtors will simplify settling with their creditors.

10. For all purposes, debtors are a single economic entity, and the substantive consolidation of the debtors' estates pursuant to 11 U.S.C. §105, will be to their benefit and that of all their creditors and enable a more cost-efficient administration of the two cases and inure in economy in the administrative cost to the estate, to debtors and to creditors, as well as benefit in the administration of the two cases by the Court. All the elements in the two case show a strong relationship among the debtors and there has been substantial commingling of assets and liability of both debtors,

11. As the creditors are virtually identical in both cases, the consolidation of the two cases will benefit creditors in reducing the need of duplicating claims, arising from the same transaction, aid in the reduction of cost and enable a more expeditious administration of the above captioned cases.

12. In *In re Garden Ridge Corp.,* 2010 U.S.App. LEXIS 14024, 203 (3rd Cir. 2010), the court observed that the substantive consolidation "treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and liabilities."

13. Substantive consolidation enables consolidation of the assets and liabilities of different legal entities "as if the assets were held by and the liabilities were owed by a single legal entity". *In re Logistics Information Systems, Inc.* 432 B.R. 1 (U.S.D.C. Mass 2010); 2-105 Collier on Bankruptcy 15th Ed. Rev. ¶105.09.

14. The consolidation of two or more estates "has its genesis in the increased judicial recognition of the widespread use of interrelated corporate structures". *Logistics* supra at 10.

15. Consolidation also serves as a mechanism for the administration "of the bankruptcy estates of multiple, related entities." *In re Babcock & Wilcox Co.,* 250 F. 3d 955, 958-959 (5th Cir. LA. 2001), *FDIC v Colonial Realty Co.,* 966 F. 2d 57, 58-59 (2d Cir. Conn. 1992).

16. The power of the bankruptcy court arises from the broad powers conferred by §105 of the Code to order the substantive consolidation of the estates of two separate entities. *In re Smith & Kourian,* 216 B.R. 686,687 (B.A.P. 1st Cir. 1997).

17. In order to consolidate estates from different entities the court must determine if: 1) there is substantial identity between the entities to be consolidated; and 2) the consolidation of the estate will benefit the parties in interest and there will be no harm produced by the consolidation to any party in interest. *In re Reider,* 31 F. 3d 1102, 1108 (11th Cir. GA 1994).

18. For all practical purposes, debtors are a single economic unit, and the substantive consolidation of the estates pursuant to 11 U.S.C. §105, will be to the benefit of the two estates and that of their creditors.

19. The common factors of both debtors are the following:
    a. Debtors have unity of interests;
    b. Debtor Juan M Barreto Ginorio is the sole owner of Vaqueria Las Martas, Inc.
    c. Debtor Juan M. Barreto Ginorio is personally liable as guarantor of Vaquieria Las

Martas' debts;

d. Vaquería Las Marta, Inc. is co-guarantor of Juan M. Barreto Ginorio's debts;
e. Debtors operate as a single entity;
f. The consolidation of the two estates and cases will be cost effective and result in savings in costs and expenses and time thereby avoiding duplication of the adjudication of the common subjects;
g. The consolidation of the two estates and case will allow debtors to reach agreements with their creditors;
h. Debtors and their creditors will benefit from the consolidation of the cases.

20. The consolidation of the two cases and estates will be in the best interests of the debtors and their creditors since the consolidation will allow them to operate in accordance with their share interests, thereby reducing costs and effort.
21. Debtors request the allowance of the consolidation of the two cases into the lead case #18-07304.

WHEREFORE, debtors respectfully pray for an Order granting this motion and consequently consolidate both cases 18-07310 with 18-07304 as the lead case for the pooling of assets and liabilities of the two cases to avoid unnecessary costs and delay.

NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

In Caguas, Puerto Rico, this February 15, 2019

RESPECTFULLY SUBMITTED

*s/* *L.A. Morales*

USDC PR #120011
L.A. MORALES & ASSOCIATES P.S.C.
URB VILLA BLANCA
76 AQUAMARINA
CAGUAS, PUERTO RICO 00725-1908
TELEPHONE: 787-746-2434 / 787-258-2658
FAX 1-855-298-2515
Email lamoraleslawoffice@gmail.com &
irma.lamorales@gmail.com