**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 18-07304 (ESL) |
| VAQUERÍA LAS MARTAS, INC. | CHAPTER 12 |
| Debtor | |

**REPLY TO *RESPONSE TO CONDADO 5's
MOTION TO PROHIBIT USE OF CASH COLLATERAL***
(Related Docket No. 28)

TO THE HONORABLE COURT:

COMES NOW Condado 5, LLC ("Condado") through the undersigned counsel, and respectfully states and prays as follows:

1. On February 5, 2019, Condado filed a *Motion to Prohibit the Use of Cash Collateral* (Docket No. 17) asserting a security interest, *inter alia*, over 58,700 quarts of Debtor's bi-weekly milk quota.

2. On February 19, 2019, Condado filed Proof of Claim No. 6 in the secured amount of $1,626,362.59. The collateral includes the Debtor's quotas for milk production.

3. Proof of Claim No. 6 is deemed allowed as no party in interest has objected it as of today. See 11 U.S.C. § 502(a).

4. On February 28, 2019, the Debtor filed a *Response to Condado 5's Motion to Prohibit Use of Cash Collateral* (Docket No. 28) alleging that the UCC upon which Condado obtained its security interest is "expired since 2015". Id., p. 1, ¶ 2. As such, the Debtor contends that the Debtor's milk production quotas are not cash collateral and requests the Court to determine that only the Debtor is entitled to use 100% of the proceeds of the milk production. Id., p. 6.

5. Even if the UCC expired, Condado still has a pre-petition security interest over the Debtor's milk quotas through its registration with the Puerto Rico of the Milk Industry Regulations ("Oficina de Reglamentación de la Industria Lechera" or "ORIL"). See **Exhibit I** (ORIL's certification to PR Asset Portfolio, Condado's predecessor, for the 58,700 milk quota) and **Exhibit II** (subsequent transfer of the lien in favor of Condado duly filed with ORIL)[1].

---

[1] Condado has requested today a current certification from ORIL, but ORIL informed that this may take a day or two.

6. Article 11(a) of the Registry of the Milk Industry Production Quota Transactions Registry Act of 2000, as amended, states as follows:

> El gravamen sobre la cuota la sujeta directa, e inmediatamente, al cumplimiento de la obligación para cuya seguridad fue constituido. Los gravámenes inscritos en este registro constituirán una carga efectiva sobre la cuota, siempre y cuando dicho gravamen se haya constituido **o** inscrito en cumplimiento adicional con las secs. 1221 *et seq.* del Título 19, relacionadas con las transacciones garantizadas.

5 L.P.R.A. § 1135(a) (Spanish version, emphasis and underline added).

> Liens upon quotas subject them, directly and immediately to compliance with the obligation for the security of which they were constituted. Liens recorded in this registry shall constitute an effective encumbrance upon quotas, provided said liens were constituted **or** recorded in additional compliance with §§ 1221 *et seq.* of Title 19, which pertains to guaranteed transactions.

5 L.P.R.A. § 1135(a) (emphasis and underline added, Lexis translation 2019).

7. Article 11(a) of the Registry of the Milk Industry Production Quota Transactions Registry Act of 2000, *supra*, was recently scrutinized by the PR Court of Appeals in PR Asset Portfolio 2013-1 International LLC v. Tropical Heifers, Inc., 2017 PR App. LEXIS 1294, 2017 WL 2462052 (P.R. Ct. of Appeals 2017). Emphasizing the PR Legislator's use of the disjunctive "or", the PR Court of Appeals concluded that there are two separate methods of creating a security interests over a debtor's milk productions: (a) through the registration with ORIL or (b) through the filing of a UCC with the PR Department of State.

8. The PR Court of Appeals in Tropical Heifers, Inc., *supra*, expressly rejected the notion that to perfect a security interest over the milk quotas, a creditor has to register the lien through a UCC with the Department of State and with ORIL. Instead, the PR Court of Appeals determined that the registration of the lien with either forum suffices to create a security interest over the milk quota:

> Asimismo, de una lectura al Reglamento Núm. 7, redactado para instrumentar el Registro de ORIL, es fácil observar que **en forma alguna se establece el requisito de la doble inscripción mandatoriamente para propósitos de la efectividad del gravamen registrado en esta entidad**.
>
> Orientados por la interpretación anteriormente aplicada a estos conceptos o términos, se impone consecuentemente concluir que la conjunción "o" utilizada en el citado Art. 11, se utilizó en su acepción regular, de manera disyuntiva. Esto es, una u otra cosa, es decir, constituido el gravamen conforme a la Ley 241, supra, o mediante su inscripción en ambos registros. **Cualquiera de esas acciones u operaciones eran suficientes para que el gravamen pudiere ser efectivo**. Si el legislador optó por el uso de la

---

Condado will submit a copy of ORIL's certification upon receipt.

**conjunción "o", fue justamente porque no interesaba o pretendía requerir o disponer tal doble registro.** Debe presumirse que el legislador conoce el lenguaje más apropiado o correcto para expresar su intención o propósito en un estatuto. En consecuencia, debe confirmarse el dictamen recurrido en cuanto a que, según interpretado, **no era compulsorio el registro de este gravamen en el Registro de Transacciones Comerciales para que produjera eficacia jurídica**.

Por lo tanto, dado que el Banco Popular registró ante la ORIL su gravamen en mayo de 2004, **no era necesario que presentara la declaración de financiamiento en el Departamento de Estado para que se diera por constituido y efectivo dicho gravamen en el rango correspondiente**.

PR Asset Portfolio 2013-1 International LLC v. Tropical Heifers, Inc., 2017 PR App. LEXIS 1294 at

**17-18, 2017 WL 2462052, at *6 (emphasis added).

9. As such, Condado currently holds a security interest of the Debtors' cash collateral.

See **Exhibit I**.

10. As of today, the Debtor has not requested the use of the cash collateral and nor has it

complied with the strictures in Fed. R. Bankr. P. 4001(b) and PR LBR 4001-2.

WHEREFORE, Condado 5 respectfully prays the Court to deny the Debtor's *Response* (Docket

No. 28).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 4th day of March, 2019.

<u>Certificate of Service</u>
We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.



Attorneys for Condado
PO Box 195168
San Juan, PR 00919-5168
Tel.: (787) 766-7000
Fax: (787) 766-7001

*/s/ Sonia E. Colón*
SONIA E. COLÓN
USDC-PR No. 213809
scolon@ferraiuoli.com

*/s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/ Camille N. Somoza*
CAMILLE N. SOMOZA
USDC-PR No. 302908
csomoza@ferraiuoli.com