IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 18-07304 (ESL) |
| VAQUERIA LAS MARTAS, INC. | CHAPTER 12 |
| Debtor | FILED & ENTERED JUL/7/2020 |

### **ORDER**

This case is before the court upon the motion for reconsideration filed by secured creditor Condado 5, LLC ("Condado") of this court's opinion and order entered on April 15, 2020 (dkt. #120) concluding that the milk produced by Debtor's cows is not subject to Condado's collateral. The Chapter 12 trustee and the debtor have opposed Condado's motion for reconsideration. The court agrees with the Chapter 12 trustee and the debtor. Thus, the motion for reconsideration is denied.

The court, after thoroughly considering the arguments by the Chapter 12 trustee, the Puerto Rico Milk Industry Regulatory Office (ORIL) and Condado 5, LLC ("Condado"), held in the April 15, 2020 opinion and order that:

> The security agreement does not specify that the dairy cows or the raw milk produced by Debtor's dairy farm operation serve as collateral to the loans. The milk is produced by the cows. The court agrees with the Chapter 12 trustee that the milk quota assigned by ORIL is the amount of milk that can be produced by the milk producer for the fresh milk market. The milk quota is a production limit. A milk quota is an asset and the value is determined by market conditions under ORIL regulations. Milk quotas do not produce milk. Since Condado's collateral does not include the cows, it may not claim that its security interest attaches to any identifiable proceeds of the cows.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) *aff'd,*

2001 WL 958803 (1st Cir. 2001) (citing Van Skiver v. United States, 952 F. 2d 1241, 1243 (10th Cir. 1991)). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence." Id. See also; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997). The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

Condado alleges that this court's decision constitutes a manifest error of law and results in a manifest injustice because the court's "conclusion does not take into account how the milk industry operates." Condado bases its argument on the proposition that the "lien on the quota is triggered not when the cow produces the milk, but when the dairy farmer chooses to sell such milk to a processing plant regulated by the quota system of ORIL."

The court agrees with the chapter 12 trustee's statement that the court's "determination that since Condado's collateral does not include the cows, it [Condado] may not claim that its security interest attaches to any identifiable proceeds of the cows, is a correct conclusion of law." The decision by this court is based on Puerto Rico law, that is, 5 L.P.R.A. §§1126 et seq.—Registry of Quotas Transactions ("RQT") [PR MQA] of the Oficina de Reglamentación de la Industria Lechera and 19 L.P.R.A. §§1221 et seq.—PR UCC. The arguments by Condado do not move the court to find that it made a manifest error based on the applicable law.

Consequently, Condado's motion for reconsideration is hereby denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of July 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge