IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO.  18-07304 (ESL)

VAQUERIA LAS MARTAS, INC.                       CHAPTER  12

     Debtor

## OPINION AND ORDER

This case is before the court upon the motion for stay pending appeal filed by Condado 5, LLC ("Condado") (dkt. #181) and the opposition to the same filed by the debtor (dkt. #189). The two basic factual premises prompting Condado' s request for stay pending appeal are the terms of the Chapter 12 plan dated June 1, 2020 proposed by the debtor (dkt. #137) and a letter sent by the debtor on August 11, 2020 requesting Condado to reimburse approximately $100,000.00. Condado supports its likelihood to succeed on the merits on the appeal based upon substantially the same legal arguments rejected by the court in its opinion and order entered on April 15, 2020 (dkt. #120) holding  that Condado' s security agreement does not include as collateral the milk produced by the cows; and the opinion and order entered on July 7, 2020 (dkt. #147) disposing of the motion for reconsideration as "[t]he arguments by Condado do not move the court to find that it made a manifest error based on the applicable law."

### Motion for Stay Pending Appeal

"A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary." In re MJS Las Croabas Props., 2015 Bankr.LEXIS 1159 at *4, 2015 WL 1651085 at *2 (Bankr.D.P.R.2015). Courts consider the traditional four-part standard applicable to preliminary injunctions. See Acevedo–García v. Vera–Monroig, 296 F.3d 13, 16 (1st Cir.2002). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." Id. at 16, fn. 3, citing  Hilton v. Brounskill, 481 U.S. 770, 776-777 (1987).  "A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." In re MEDSCI

-1-

Diagnostics, Inc., 2011 WL 280866 at *3, 2011 Bankr.LEXIS 283 at *8 (Bankr.D.P.R.2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." Gail v. New Eng. Gas Co., 2008 U.S. Dist. LEXIS 102678 at *38, 2008 WL 5245331 at *9 (D.R.I.2008), citing In re Power Recovery Sys. Inc., 950 F.2d 798, 804 n. 31 (1st Cir.1991). Also see In re Turner, 207 B.R. 373, 374 (2nd Cir. BAP 1997); In re Bijan–Sara Corp., 203 B.R. 358, 360 (2nd Cir. BAP 1996). These factors are weighed according to the unique circumstances of each case to ensure a just result. See Palazzetti Imp./Exp., Inc., 2002 U.S. Dist. LEXIS 6558 at *7, 2002 WL 562654 at *2 (S.D.N.Y.2001). In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical". See Nken v. Holder, 556 U.S. 418, 129 S. Ct. 1749, 1761, 173 L.Ed.2d 550 (2009). Of those two factors, " '[t]he sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.' " Acevedo–García v. Vera–Monroig, 296 F.3d at 16, quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993). Also see Elias v. Sumski (In re Elias), 182 Fed. Appx. 3, 4 (1st Cir.2006) ("the sine qua non of the stay pending appeal standard is whether the movants are likely to succeed on the merits"). Although the degree of likelihood of success is not determinative, it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, he/she/it may be entitled to a preliminary injunction if he/she/it demonstrates a strong probability that he/she/it will be injured if the court fails to act. See Wright, Miller & Kane, 11A Federal Practice and Procedure § 2948.3 (2nd ed.2014). To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. See Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.1996).

**Standard Governing Motions for Stay Pending Appeal**

Fed. R. Bankr. P. 8007 governs requests for a stay pending appeal. Fed. R. Bankr. P. 8007(a)(1)(A) provides that, "[o]rdinarily a party must move first in the bankruptcy court for the following relief: (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). If the motion for stay pending appeal is denied by the bankruptcy court, then the movant may seek a stay from the court whether the appeal is pending. Fed. R. Bankr. P. 8007(b)(1).

A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In re Lickman, 301 B.R. 739 (Bankr. M.D. Fla. 2003). In the First Circuit, in a motion for a stay pending appeal, the movant bears the burden of demonstrating:

-2-

(i) a likelihood of success on the merits; (2) the potential for irreparable harm in the absence of a stay; (3) whether issuing a stay will burden the opposing party less than denying a stay will burden the movant; and (4) the effect, if any, on the public interest. See Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d 1, 10 (1st Cir. 2012); Esso Standard Oil Co. v. Monroig-Zayas, 445 F. 3d 13, 18 (1st Cir. 2006) (citations omitted). It is well settled law that a court should only grant a stay of the order subject to appeal if all elements are present. See Access Cardiosystems, Inc. v. Fincke (In re Access Cardiosystems, Inc.), 340 B.R. 656, 659-660 (Bankr. D. Mass. 2006); In re Handel, 242 B.R. 789, 791 (Bankr. D. Mass. 1999); Great Barrington Fair & Amusement, Inc., 53 B.R. 237, 239 (Bankr, D. Mass. 1985). Failure to satisfy all four prongs dooms the motion. See Eck v. Dodge Chem. Co. (In re Power Recovery Sys., Inc.), 950 F. 2d 798, 804 n. 31 (1st Cir. 1991) (citations omitted).

Even though each factor is important, "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d at 10 (quoting New Comm Wireless Servs., Inc. v. Sprint Com. Inc., 287 F. 3d 1, 9 (1st Cir. 2002)); See also Acevedo-Garcia v. Vera-Monroig, 296 F. 3d 13 (1st Cir. 2002).

In Acevedo-Garcia, the First Circuit added: "In essence, the issuance of a stay depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party]' " Id. at 16-17 (citing United Steelworkers of Am. v. Textron, Inc., 836 F. 2d 6, 7 (1st Cir. 1987)). See also In re Morgan, No. 10-40497-JNF, 2011 WL 1168297, 2011 Bankr. Lexis 5788 (Bankr. D. Mass. 2011) (citing In re MEDSCI Diagnostics, Inc., 2011 WL 280866, 2011 Bankr. Lexis 283 (Bankr. D.P.R. 2011).

**Likelihood of success on the merits**

The first factor the court must consider in a motion for stay pending appeal is whether the movant has a likelihood of success on the merits of the appeal. To satisfy this requirement, the movant must show, "more than mere possibility" of success — rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d at 10 (quoting Respect Mr. PAC v. McKee, 622 F. 3d 13, 15 (1st Cir. 2010)); see also In re Access Cardiosystems, Inc., 340 B.R. at 660 (citation omitted). The court does not find that Condado has a strong likelihood to prevail on the appeal.

**Irreparable Harm**

Irreparable harm most often exists where a party has no adequate remedy at law. Charlesbank Equity Fund II v. Blinds To Go. Inc., 370 F. 3d 151, 162 (1st Cir. 2004) (referencing Rosario-Urdaz v. Rivera-Hernandez, 350 F. 3d 219, 221 (1st Cir. 2003). "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Id. To establish irreparable harm, a stay movant, "must demonstrate an injury that is neither remote or speculative, but actual and imminent." Revel AC, Inc. v. IDEA Boardwalk, LLC, 802 F. 3d 558, 571 (3d Cir. 2015) (citing Tucker Anthony Realty Corp. v. Schlesinger, 888 F. 2d 969, 975 (2d Cir. 1989)); see also In re Bora Bora Inc., 424 B.R. 17, 26 (Bankr. D. P.R. 2010) (citations omitted). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Revel AC, Inc. v. IDEA Boardwalk, LLC, 802 F. 3d at 571 (citing Sampson v. Murray, 415 U.S. 61, 90, 94 S. Ct. 937, 39 L. Ed 2d 166 (1974)).

The debtor has not moved the court for an order directing Condado to reimburse any funds and the Chapter 12 plan has not yet been confirmed.  In fact, a hearing to consider confirmation of the chapter 12 plan dated June 1, 2020 (dkt. #137), the Chapter 12 trustee's unfavorable recommendation (dkt. #146) and Condado' s objection will be scheduled. Thus, at this time there appears to be any imminent irreparable harm to be suffered by Condado.

**Conclusion**

In view of the foregoing reasons, the motion for stay pending appeal filed by Condado is hereby denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of October 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge