IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>VAQUERIA LAS MARTIAS, INC.<br><br>Debtor. | CASE NO. 18-07304 (ESL)<br><br>CHAPTER 12<br><br>**MOTION TO ENFORCE APRIL 15, 2020 RULING** |

**DEBTOR MOTION TO ENFORCE RULING**

Debtor Vaqueria Las Martas, Inc. ("Debtor" or "Vaqueria") moves the Court for these orders under 11 U.S.C. § 105 (a):

1. That the proceeds from the milk produced by debtor's cows (the "milk proceeds") are not cash collateral.
2. That the creditor Condado 5, LLC ("Condado") has no right to the milk proceeds.
3. That Condado must turn over to the debtor all milk proceeds, it has seized since the debtor filed this Chapter 12 case.
4. Denying Condado's motion to determine the milk proceeds are cash collateral.
5. Granting debtor's motion to find the milk proceeds are not cash collateral.
6. Condado is ordered not to seize or divert the milk proceeds in the future until the closure of this case.

Debtor brings this motion under 11 U.S.C. § 105 (a), which gives the bankruptcy court power to enforce its rulings and orders. Debtor requests that the Court issue the orders to enforce its April 15, 2020, ruling that the milk proceeds are not subject to Condado's lien: "In view of the foregoing, the court concludes that the milk produced by Debtor's cows is not subject to Condado's collateral." *In re Vaqueria Las Martas, Inc.,* 617 B.R. 429, 442 (Bankr. D. P.R. 2020).

1

This motion is based on the memorandum of points and authorities below, on this Court's opinion in *In re Vaqueria Las Martas, Inc.,* 617 B.R. 429 (Bankr. D. P.R. 2020), on the Court's records and files, and on the attached declarations.

### Background

The debtor is a dairy farm. It earns its income from the milk its cows produce. *Vaqueria Las Martas,* 617 B.R. at 430. It sells its milk to a milk processor, who then pays it the milk proceeds. *Ibid.* Condado, its main creditor, insists it has a lien on the milk proceeds under a security agreement. *Ibid.* Since this case began, Condado has been diverting the milk proceeds to itself. *Ibid.* It relies on a security agreement that gives it a lien on the debtor's milk quota. *Ibid.*

Condado considered the milk proceeds "cash collateral." On February 6, 2019, it moved to prevent the debtor Vaqueria from using its "cash collateral." *Vaqueria Las Martas,* 617 B.R. at 430. This Court issued an order on February 11 barring the debtor from using cash collateral. *Ibid.* The Court set a hearing on March 5 to consider opposition to its order. *Ibid.* Vaqueria filed an opposition. The Court ruled that Vaqueria's milk quota was subject to a lien by Condado. *Ibid.* It decided no other issue.

The Court was uncertain what the lien included. *Ibid.* Did the lien encompass Vaqueria's cows and the milk the cows produced? *Ibid.* If so, Vaqueria would have no income, and its Chapter 12 plan could not succeed. *Vaqueria Las Martas,* 617 B.R. at 429. The Court ordered further briefing on the lien's scope. *Vaqueria Las Martas,* 617 B.R. at 430.

Vaqueria then moved to allow it to use cash collateral. The Chapter 12 trustee supported Vaqueria's position that the cows and milk were not subject to any lien. *Ibid.* On April 15, 2020, the Court issued the ruling Condado appeals. *Vaqueria Las Martas,* 617 B.R. at 442. That ruling stated: "In view of the foregoing, the court concludes that the milk produced by Debtor's cows is not subject to Condado's collateral." *Ibid.* The Court issued no additional orders or granted further relief. *Ibid.*

2

**Argument**

### I. The Court has the power to enforce its ruling.

The April 15, 2020 ruling lacks only one element-an an order enforcing the ruling. *Vaqueria Las Martas,* 617 B.R. at 442. The Court has the power to order enforcement. *Bank of Marin v. England,* 385 U.S. 99, 103 (1966). 11 U.S.C. § 105 (a) gives the bankruptcy court the power to issue any "order, process or judgment necessary or appropriate to carry out the provisions of the Bankruptcy Code." Vaqueria seeks orders that will allow it to continue operating and fund its Chapter 12 plan. Those orders surely are "necessary or appropriate" to carry out "the provisions of the Bankruptcy Code."

The Court has made its position clear in the central question in this case-is Condado 5 entitled to divert the milk proceeds? The Court's answer is no, because "milk produced by Debtor's cows is not subject to Condado's collateral." *In re Vaqueria Las Martas, Inc.,* 617 B.R. 442.

The Court did not issue an order enforcing that ruling. It should do so now. Without the milk proceeds, the debtor has little income. It certainly has insufficient income to continue operating. If it does not have the milk proceeds revenue, it likely will close.

Further, it needs that income to fund its Chapter 12 plan, including paying its debt to Condado 5. The Chapter 12 Trustee has objected to the proposed plan because, without the milk proceeds, the debtor cannot fund the plan. If this Chapter 12 case is to succeed, the debtor must be given the milk proceeds.

The Court can enforce its April 15 ruling in several ways, including denying Condado's cash collateral motion, granting the debtor's motion to find the milk proceeds are not cash collateral, and ordering Condado to turn over the milk proceeds it has improperly diverted since this case began.

**Conclusion**

For these reasons, debtor Vaqueria Las Martas, Inc. asks that the Court issue these orders:

1. The milk proceeds are not cash collateral.

3

2. Condado has no right to the milk proceeds.

3. Condado must turn over to the debtor all milk proceeds it has seized since the date debtor filed this Chapter 12 case.

4. Denying Condado's motion to determine the milk proceeds are cash collateral.

5. Granting debtor's motion to find the milk proceeds are not cash collateral.

6. Condado shall not seize or divert the milk proceeds until the closure of this case.

## NOTICE

Within fourteen (14) days, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF Filing System which will send a notification, upon information and belief, of such filing to the Chapter 12 Trustee and to all subscribed users. We will serve by regular mail this document to any creditor as per master address list upon knowing that they are non-CmECF participants.

JOSE RAMON CARRION MORALES on behalf of Trustee JOSE RAMON CARRION MORALES newecfmail@ch13-pr.com

GUSTAVO A CHICO BARRIS on behalf of Creditor CONDADO 5, LLC
gchico@ferraiuoli.com, edocketslit@ferraiuoli.com

SONIA COLON COLON on behalf of Creditor CONDADO 5, LLC
scolon@ferraiuoli.com, edocketslit@ferraiuoli.com; scolon@ecf.courtdrive.com

JUAN C FORTUNO FAS on behalf of Creditor USDA FARM SERVICE
AGENCY bkfilings@fortuno-law.com, fortuno@ecf.inforuptcy.com

LUIS ANTONIO LOPEZ LOPEZ on behalf of Creditor COOPACA
lopezl@prtc.net

EDWARD W HILL on behalf of Puerto Rico Milk Industry Regulatory Office
(ORIL) ehill@hillgonzalezlaw.com, erobles@hillgonzalezlaw.com

MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov

CAMILLE N SOMOZA on behalf of Creditor CONDADO 5, LLC
somoza@ferraiuoli.com, cnsomoza@gmail.com; edocketslit@ferraiuoli.com

Dated: January 25, 2021

LA MORALES & ASSOCIATES P.S.C.

s/ *L. A. Morales*
Lysette A. Morales-Vidal
76 Aquamarina
Caguas, Puerto Rico 00725-5208
Tel. 787-746-2434
Efax 855-298-2515
lamoraleslawoffice@gmail.com &
irma.lamorales@gmail.com

*Attorney for Debtor*
*VAQUERIA LAS MARTAS, INC.*

5