IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

VAQUERIA LAS MARTAS, INC.

    Debtor

CASE NO. 18-07304 (ESL)

CHAPTER 12

### MINUTES OF HEARING HELD ON JANUARY 26, 2021

**MATTERS:**

This case came before the court on January 26, 2021 for a hearing to consider the confirmation of debtor's Chapter 12 plan dated June 1, 2020 (dkt. #137), the Chapter 12 trustee's unfavorable recommendation (dkt. #205) and the objection to confirmation filed by Condado 5, LLC (dkt. #137).

**PARTIES:**

Juan M. Barreto Ginorio, Debtor's President

Ms. Patricia Galindez, professional assisting the debtor

Lyssette Morales Vidal, Esq., Debtor's Attorney

Camille Somoza, Esq., and Gustavo A. Chico Barris, Esq., for Condado 5, LLC

**NOTES:**

Debtor's counsel argued that the projections submitted (See dkt. #144) show that the chapter 12 plan may be confirmed, and that confirmation has only been prevented ("chockeheld") by Condado 5, LLC ("Condado"). Counsel states that the court should sustain its April 15, 2020 order (See dkt. #120) and confirm the plan. The court notes that the April 15, 2020 order was appealed on July 13, 2020 and is still pending a decision. See 20-cv-01344.

Debtor's counsel also stated that the case cannot go forward unless Condado pays the debtor the withheld amounts for the milk proceeds, as the proceeds have been paid to Condado, and due to the decrease in production. The Debtor alleges that the plan will not be viable until, at least, 6 months after Condado ceases the retention of the milk proceeds.

Condado's counsel stated that its proof claim in the amount of $1.6 million stands unopposed and is, thus, deemed allowed. Condado's secured claim is not provided for in the chapter 12 plan before the court. Condado has a lien over the milk quota and the Debtor may not lease the quota without the secured creditor's consent. Since Condado holds a lien it is entitled to adequate protection payments throughout the duration of the case. In addition, the real properties wherein the debtor conducts its dairy farm operation are not owned by the debtor and are subject to a lien in favor of Condado. Condado will seek to foreclose its lien and the debtor will be left without a property to operate its dairy farm. Therefore, the plan is not feasible.

The chapter 12 trustee stated that the chapter 12 plan is not feasible as the milk quota does not produce sufficient income to fund the plan. The chapter 12 trustee also stated that the projections submitted by the debtor are not in agreement with the reality shown in the monthly reports of operation filed. The chapter 12 trustee agrees with Condado's position.

On January 25, 2021 the debtor filed a motion requesting the court to enforce its April 15, 2020 ruling (dkt. #210). The arguments in the motion were restated orally by debtor's counsel. The court denied the motion in open court concluding that the equity powers of section 105 of the Bankruptcy Code cannot override the divestiture rule as the issue on appeal is closely related to the debtor's request that the court enforces its decision irrespective of the appeal as the motion for stay pending appeal was denied.

Section 105 of the Bankruptcy Code does not constitute a roving commission to do equity. The equitable discretion conferred upon a bankruptcy court by section 105 is limited by the commands of the Bankruptcy Code. In re Ludlow Hospital Society, Inc., 124 F.3d 22 (1st Cir. 1997); In re Barreto, 2018 WL 5883911 (Bankr. D.P.R. 2018).

Generally, a notice of appeal divests the lower court of jurisdiction over matters on appeal if the subject is closely related to the issues raised in a motion as doing so will impermissibly interfere with the appeal. In re Old Cold, LLC, 602 BR 798 (1st Cir. BAP 2019).

**ORDER:**

In view of the above, the court orders as follows:

1. Confirmation of the Chapter 12 plan dated June 1, 2020 (dkt. #137) is hereby denied for lack of feasibility and for failure to provide for secured claim number 6 by Condado.

2. Debtor's motion requesting the court to enforce its April 15, 2020 order at dkt. #120 (dkt. #210) is hereby denied as section 105 cannot override the divestiture rule on a matter closely related to the one on appeal.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of January 2021.

*Enrique S. Lamoutte*
United States Bankruptcy Judge

-3-