IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 18-07304 (ESL) |
| VAQUERIA LAS MARTAS, INC. | CHAPTER 12 |
| Debtor | FILED & ENTERED APR/22/2021 |

OPINION AND ORDER

This case is before the court upon the motion to dismiss filed by Condado 5, LLC on February 8, 2021 (dkt. #213), the opposition filed by the Chapter 12 trustee on February 19, 2021 (dkt. #224), the opposition filed by the Debtor, as supplemented, (dkt. #232), and the reply to the oppositions filed by Condado 5, LLC ("Condado") on March 30, 2021 (dkt. #249). The relevant and material facts to the contested matter before the court appear from the record. The issue for the court to determine is if the facts warrant the dismissal of the case under the particular circumstances present in the case.

Position of the Parties

Condado moves for the dismissal of the instant case on the grounds of "Debtor's failure to file a plan timely confirmable, unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors, and continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation pursuant to 11 U.S.C. §§1208(c)(1), 1208(c)(3), and 11U.S.C.§1208(c)(9) respectively." At the outset, Condado refers to an earlier chapter 12 petition that was dismissed on January 16, 2018, Case No. 11-05236.

Condado alleges the untimely filing of the Chapter 12 plan, and that the Debtor has consistently failed to file timely monthly reports of operation ("MORs"). Condado details in a table the date when the MORs were filed in support of its contention.

Condado further alleges that unreasonable likelihood of reorganization is an additional cause to dismiss under Section 1208(c)(9) of the Bankruptcy Code. Condado includes a table

-1-

with the Debtor's milk production which shows that the Debtor's milk production has been diminishing since the filing of the instant case. The number of cows at petition date was 41 and as of December 20, 2020, the number of cows was 21.

The Chapter 12 trustee opposes the dismissal of the case alleging that Condado has continued to retain all the proceeds from the sale of raw milk and has failed to refund the Debtor all amounts retained from the sale of raw milk after the bankruptcy was filed. The Chapter 12 trustee's opposition is based on the April 15, 2020 Opinion and Order (dkt #120) in which the court held that milk quotas do not produce milk and given that Condado's collateral does not include the cows, it may not claim that its security interest attaches to any identifiable proceeds of the cows. Despite the Opinion and Order and the court's denial of the stay pending appeal, Condado has continued to retain all the proceeds from the sale of raw milk by Debtor and has failed to refund the Debtor all amounts retained from the sale of raw milk after the bankruptcy petition was filed. The Chapter 12 trustee alleges that these two facts are vital for the "Debtor to submit a feasible plan and obtain confirmation of the same." The Chapter 12 trustee contends that the "Debtor's problems with feasibility and the delay in obtaining confirmation of a plan is directly caused by Condado's own actions." The Chapter 12 trustee prays for the motion to dismiss to "be denied or held in abeyance until the Appeal pending in the Puerto Rico District Court is resolved."

The Debtor opposes Condado's motion to dismiss alleging that any unreasonable delay prejudicial to creditors has not been caused by the debtor but by Condado, "…given the fact that Condado continues to refuse to any amounts of debtor's milk proceeds to be paid to the debtor leaving the debtor without any means to fund a plan while the appeal is pending" Debtor alleges that Condado has not been prejudiced, but favored, as it "has seized the proceeds from debtor's milk production since debtor filed this bankruptcy case. The delay has damaged debtor because debtor has no income to operate its business."

On March 30, 2021 Condado filed a consolidated reply to the chapter 12 trustee's opposition and the debtor's responses to Condado's motion to dismiss (dkt. #249). Condado

submits that "[n]either the Debtor nor the Trustee dispute that the Debtor has consistently failed to file timely monthly operating reports." Also, "neither the Debtor nor the Trustee dispute the other deadlines missed by the Debtor" and the Debtor has not proffered a justification for its failure to comply. Condado restates that a "corporate Chapter 12 debtor, like the Debtor in this case, has a duty to file monthly operating reports and failure to timely file them is cause for dismissal."

Condado answers Debtor's argument that it has not been prejudiced by the Debtor's delay, arguing that:

> "... this Court has upheld that"[i]n bankruptcy, delays and the passage of time prejudice creditors and make feasibility of plans less likely." In re Lopez-Llanos, 578 B.R. 700, 711 (Bankr. D.P.R. 2017) (Lamoutte, B.J.). "Section 1307(c)(1) [identical to Section 1208(c)(1)4] is concerned with prejudice suffered by creditors from delay, not the predicted harm to be suffered by a debtor from dismissal." Id., at 710-711, citing In re Woods, 2012 Bankr. LEXIS 2848, at *7, 2012 WL 2343897, at *2(Bankr. D. Idaho 2012). Also see In re Rivera Sanchez, 80 B.R. 6, 8 (Bankr. D.P.R. 1987) (Lamoutte, B.J.) (dismissing case "for unreasonable delay prejudicial to creditors and for denial of having the plan confirmed.")."

Condado addresses the arguments made by the Chapter 12 trustee and the Debtor that the Debtor is "unable to file a confirmable plan unless post-petition milk proceeds are returned following this Court's Opinion and Order (ECF No. 120), whose appeal is stayed based on the pendency of the foregoing Motion to Dismiss" is procedurally improper. Condado contends, and the record of the case confirms, that "neither party has ever moved nor placed this Court in a proper position to rule that the collection of post-petition milk proceeds must be returned or halted after more than two years in bankruptcy."

The Chapter 12 Trustee argued that, "the facts in this case show that under 11 USC § 552(a), the post-petition production of raw milk every 14 days, under the assigned milk production quota to a licensed milk producer (the debtor), is post-petition acquired property free from any lien. Condado fails to demonstrate that the security agreement entered into with the debtor pre-petition conforms with any of the exceptions of §552(b) (Docket No. 120, pgs. 7-8).

-3-

Condado further argues that the Debtor has run out of time to propose a confirmable plan at this late juncture. The Debtor filed the instant Chapter 12 petition on December 14, 2018.

"Pursuant to 11 U.S.C. § 1222(b)-(c), a Chapter 12 debtor must propose a repayment plan to make installments to creditors over a period of three to five (5) years. Specifically, a debtor's proposed plan "may not provide for payments over a period that is longer than three years unless the court for cause approves a longer period, but the court **may not** approve a period **that is longer than five years**." 11 U.S.C. §§ 1222(c) (boldface added). Because a plan of reorganization may not be longer than five (5) years, the Debtor must make all plan payments within the two (2) years, eight (8) months, and fourteen (14) days remaining, that is, about 33 months altogether."

In support of the above, Condado provides an analysis of the impossibility of the Debtor proposing at this juncture a confirmable Chapter 12 plan that provides for the payment of its claim within the time remaining to do so.

Background

The history and travel of this case are of critical relevance to the contested matter before the court, that is, Condado's motion to dismiss.

The court commences by stating that the record of the case on appeal before the U. S. District Court for the District of Puerto Rico, case number 20-cv-01344, shows the following entry dated March 5, 2021:

> ORDER. The motion at ECF No. 32 to consolidate <u>Vaqueria Las Martas v. Condado 5 LLC</u>, 21- cv-01081 (PAD) with the instant case is HELD IN ABEYANCE. Considering the fact that on February 8, 2021, Appellant filed a motion to dismiss the underlying bankruptcy case under 11 U.S.C. 1208(c), which could render moot any ruling on the Appeal pending before this Court, Appellant's motion at ECF No. 29 to stay proceedings for 90 days pending Bankruptcy Court's ruling upon Appellant's motion to dismiss is GRANTED. Appellant shall report on the status of the motion to dismiss filed at the Bankruptcy Court at the expiration of the term of 90 days or within 24 hours of the issuance of an order ruling upon the motion to dismiss by the Bankruptcy Court.

Neither the Debtor nor the Chapter 12 trustee have informed the court that the appeal has been stayed pending a decision by this court on Condado's motion to dismiss. This court is, thus, duty bound to address the same. Condado requested the District Court to stay the appellate proceedings until the resolution of the pending Motion to Dismiss, for its ultimate decision may

render the appeal moot (Case No. 20-cv-01344, ECF No. 29), which the District Court granted (Case No. 20-cv-01344, ECF No. 35).

The Debtor filed the present chapter 12 petition on December 14, 2018. Shortly thereafter Condado filed a motion to prohibit the use of cash collateral. The interim order prohibiting the use of cash collateral was entered on February 11, 2019. The Debtor moved the court for the use of cash collateral on March 4, 2019, and to determine that its daily post-petition sale of milk quota is not cash collateral of any party, and particularly not of Condado, or in the alternative to authorize the use of such collateral. The court notes that there is a difference between raw milk and a milk quota. A hearing on the use of cash collateral was held on March 5, 2019. See minutes of the hearing (dkt. #37), which show the following notes: "Court questions re lien over cash collateral. Debtor acknowledges that all milk quota production is being paid to Condado 5. Debtor has scheduled Condado as a secured creditor and has not objected claim number 6 by Condado. The key issue is to determine whether Condado has a lien over debtors' cash collateral. In order to place the Court in a position to make a decision on pending issues re cash collateral the Court orders as follows: The parties shall file legal memoranda regarding whether or not Condado has a lie over debtors cash collateral; and if Condado has a lien over the cash collateral; The debtor has advanced it will use and has requested the use of cash collateral. Briefs to be filed by Condado within 14 days. Replies due 14 days thereafter." The parties filed their corresponding briefs. See dkt. Nos. 43, 54, 61, 65, and 66.

On March 18, 2019 the court entered an order to show cause why the case should not be dismissed for failure to file a chapter 12 plan (dkt. #42). The Debtor answered the same on March 28, 2019 (dkt. #53). In the interim, Condado filed a motion to dismiss on March 20, 2019 under section 1208(c) on the grounds that the Debtor failed to appear at the 341 meeting of creditors and failed to file timely monthly reports of operation (dkt. #45).

On May 9, 2019 the court entered an order and notice scheduling a hearing on the use of cash collateral and Condado's motion to dismiss to be held on July 23, 2019. At the hearing the court denied Condado's motion to dismiss finding that "at this juncture dismissal is not in the best interest of the estate, that the MOR's are current, albeit not timely filed, and that from the information in the MOR's arises an issue of feasibility in complying with a repayment plan of Condado's secured claim." (dkt. #87). On the issue of cash collateral, the court stated and ordered the following:

"The key issue in this case is whether the milk produced by debtor's cows and the income it generates is collateral to the Condado 5 loan. Condado's loan was secured by two agreements one under the PR UCC, 29 LPRA, which expired in 2015: and under the Milk Quota Act of P.R., 5 LPRA. The court finds that Condado has a lien over the milk quota. However, the court is concerned whether the milk produced by the cows is also subject to the lien. Condado argues that the milk is proceeds from the milk quota and is subject of Condado's lien under section IV par.3 and VII par.5 of the security agreement. The Chapter 12 Trustee argues that cows are not included as collateral to Condado's lien, that cows produce the milk, that a quota does not produce milk and that milk is sold it generates an account receivable. The Chapter 12 Trustee also informed that he now disagrees with the P.R. Courts now binding precedent and will file a supplemental brief. The court also raises concern regarding whether ORIL is a party in interest to this controversy. In view of the foregoing, the court orders the Chapter 12 Trustee to file an amended brief within 7 days, Condado shall reply within 7 days, and ORIL to state its position 21 days thereafter." (dkt. #88).

The parties briefed the issue of whether the milk is collateral to the lien and the court entered an opinion and order on April 15, 2020 (dkt. #120) concluding that the milk produced by Debtor's cows is not subject to Condado's collateral. Condado's motion for stay pending appeal (dkt. #181) was denied on October 2, 2020 (dkt. #190). The order is on appeal before the U. S. District Court for the District of Puerto Rico, case number 20-cv-01344, and, as stated before, the appeal is stayed pending a decision by this court on the motion to dismiss filed by Condado.

On June 1, 2020 the Debtor filed a chapter 12 plan dated June 1, 2020 (dkt. #137). The same was scheduled for a confirmation hearing to be held on October 27, 2020 (dkt. #139), however, the hearing on confirmation was rescheduled to January 26, 2021(dkt. #191 and dkt. #195). At the hearing held on January 26, 2021 the court ordered the following:

1. Confirmation of the Chapter 12 plan dated June 1, 2020 (dkt. #137) is hereby denied for lack of feasibility and for failure to provide for secured claim number 6 by Condado.

2. Debtor's motion requesting the court to enforce its April 15, 2020 order at dkt. #120 (dkt. #210) is hereby denied as section 105 cannot override the divestiture rule on a matter closely related to the one on appeal.

See minutes of the hearing (dkt. #211).

Then, on February 8, 2021 Condado filed the second motion to dismiss, which is the subject of this opinion and order.

As further background, the court notes that seven (7) claims have been filed in this case for a total amount of $1,701,607.88, of which secured proof of claim number 6 by Condado is in the amount of $1,626,362.59. Thus, Condado is the main creditor in this case.

In addition to the history and travel of this case, there are more related events contemporaneous with the present case and prior to December 2018.

On December 14, 2018 Juan M. Barreto Ginorio filed a chapter 12 petition, case number 18-07310. On February 15, 2019 the Debtor in this case, Vaqueria Las Martas, Inc. filed a motion for substantive consolidation with case number 18-07310 (dkt. #24). Condado filed an opposition. The two case were administratively consolidated pursuant to Fed. R. Bankr. P. 1015(b). However, Juan M Barreto Ginorio's case number 18-07310 was dismissed on July 25, 2019. The claims filed in the Barreto Ginorio case are substantially similar to the ones in this case, that is seven claims totaling $1,681,329.71, of which Condado' claim is for $1,626,362.59.

But the above events also have a past history. On June 21, 2011 Juan M. Barreto Ginorio filed a chapter 12 petition, case number 11-05236. On June 22, 2011 Mr. Barreto requested the substantive consolidation of his case with cases number 11-05237 (Vaqueria Las Martas, Inc., and case number 11-05239 (J.M. Dairy, Inc.). The cases were substantively consolidated upon an ordered entered on July 11, 2011. After substantial litigation, the cases were dismissed on July 25, 2019, that is, approximately five (5) months prior to the filing of the present case.

<u>Motion to Dismiss a Chapter 12 Case</u>

The provisions governing the dismissal of a chapter 12 bankruptcy case are in section 1208 of the Bankruptcy Code[1], 11 U.S.C. §1208. Pursuant to section 1208(c) of the Bankruptcy Code a Chapter 12 case may be dismissed for cause on request of a party in interest, after notice and a hearing. The determination of what constitutes cause for dismissal is based on the circumstances of each particular case, including the specific examples provided in section 1208(c) to protect the interests of creditors and parties in interest. Section 1208(c) provides only for the dismissal of the case.

The section 1208 dismissal provisions must be considered in light of the expeditious expectancy of Chapter 12 cases, particularly section 1221 which requires a Chapter 12 debtor to file a plan within 90 days after the order of relief, and section 1224 which requires the court, except

---

[1] All references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101 - 1532

-7-

for cause, to conclude the confirmation hearing not later than 45 days after the filing of the Chapter 12 plan. In a Chapter 12 case, only the debtor may file a plan. The mandatory time periods are included to process Chapter 12 cases "expeditiously to protect creditor's interests and to preclude diminution in the value of the collateral if a reorganization cannot be achieved." In re Pertuset, 492 B.R. 232, 247 (Bankr. S.D. Ohio 2012). "It is evident that the time schedule to confirm a Chapter 12 plan requires an expedited procedure and imposes on the debtor to so meet." In re Rivera Sanchez, 80 B.R. 6, 7 (Bankr. P.R. 1987).

The first listed cause for dismissal in section 1208(c) is unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors. "Unreasonable delay can be found from the debtor's failure to file or confirm a plan on a timely basis, from the debtor's failure to modify a plan after confirmation has been denied . . . Prejudice to creditors ought to be fairly easy to demonstrate if either unreasonable delay or gross mismanagement has occurred." 8 Collier on Bankruptcy ¶ 1208.03[2] (Richard Levin & Henry J. Sommer eds., 16th ed.).

The provisions in section 1208(c)(1) for Chapter 12 cases are substantially the same as the provisions in section 1307(c)(1) for Chapter 13 cases. The only difference is that section 1208(c)(1) adds "or gross mismanagement" as an alternative. Such alternative is not the subject of Condado's motion to dismiss. The most obvious case of unreasonable delay prejudicial to creditors is the unjustified failure to file a reasonable plan of reorganization in a timely manner. Delay is unreasonable when it occurs without justification. In re Stevenson, 583 B.R. 573, 580 – 581 (1st Cir. BAP 2018).

A Chapter 12 case may also be dismissed if the court denies confirmation of the debtor's plan and has also denied a request for additional time to modify the plan or file a new plan.

Discussion

Condado 5 LLC is a secured creditor based on its proof of claim number 6-1 filed on February 19, 2019. The Debtor has not filed an objection to Condado's proof of claim. The Chapter 12 trustee filed an objection to Condado's claim on February 19, 2021 (dkt. #225), that is, two years after the claim was filed. The Chapter 12 trustee's objection was denied without prejudice to filing an adversary proceeding pursuant to Fed. R. Bankr. P. 3007(b) and Fed. R. Bankr. P. 7001(1) on March 4, 2021. The order was not appealed and an adversary proceeding has not been filed. Therefore, claim number 6 filed by Condado stands as a secured claim as filed.

The supporting documentation shows that the collateral to Condado's lien consists of property owned by the Debtor, Vaqueria Las Martas, Inc., but also of property owned by Juan M.

Barreto Ginorio and J.M. Dairy, Inc. Mr. Juan M. Barreto is the president and owner of both Vaqueria Las Martas, Inc and J.M. Dairy, Inc. Despite the above facts, the Debtor has failed to object to Condado's claim and has centered only in this court's opinion concluding that the milk produced by the cows owned by the Debtor is not collateral to the loan. However, it is not the only collateral. The Debtor must provide for the payment of a secured claim in its Chapter 12 plan, and the Debtor herein has not done so in spite of the time that has elapsed since the filing of claim number 6 in February 2019, nor has the Debtor provided for claim number 6 since the court denied confirmation of the Chapter 12 plan dated June 1, 2020 on January 26, 2021.

In this case the court denied confirmation of the June 1, 2020 Chapter 12 plan (dkt. #137) at the hearing held on January 26, 2021 for lack of feasibility and for failure to provide for secured claim number 6 by Condado (dkt. #211). The Debtor has not moved to modify the plan nor has asked for additional time to file an amended plan. Consequently, the Debtor has not addressed the denial of confirmation.

The Debtor did file a motion on February 12, 2021 "to clarify that a different Plan than the one already proposed cannot be filed by debtor while Condado 5 continues refusing to cease intercepting 100% of the sale proceeds from the sale of raw milk to Suiza Dairy. Projections to support any Plan will continue to be conditioned on the debtor receiving the fruits of its labor that are now being taken by Condado 5 at 100%."(dkt. #216). This statement is an admittance of lack of feasibility and corroborates what the monthly reports of operation show and supports the allegations made by Condado. Focusing exclusively on the conclusion made by this court, and which is on appeal, that the milk is not collateral to Condado's lien does not do away with all the collateral or the extent to which the herein bankruptcy estate is liable for. Such a matter should have been addressed by filing an objection or an adversary proceeding contesting the extent of Condado's lien. Such action was not and has not been initiated by the Debtor. Such an omission has led to the Debtor's inability to have a confirmed Chapter 12 plan.

The court cannot avoid the inferences for such inaction in light of the relation between the Debtor Vaqueria Las Martas, Inc., and its president and owner Juan M. Barreto Ginorio. Relations which have been before the court since 2011 when the above-mentioned petitions and that of J.M. Dairy, Inc. were filed and substantively consolidated, as well as since 2019 when Mr. Juan M. Barreto filed a Chapter 12 petition and requested its substantive consolidation with the petition filed by Vaqueria Las Martas, Inc.

Conclusion

Has the Debtor been afforded a reasonable time to have a Chapter 12 plan confirmed? Definitely so, over 30 months is a reasonable time. Has the Debtor caused the delay? The answer is yes. Condado has asserted its rights. The court denied the prior motion to dismiss filed by Condado and declined to find that the milk was part of its collateral. However, the Debtor has not taken the necessary actions to present a confirmable Chapter 12 plan. Consequently, it has incurred in unreasonable delay prejudicial to creditors.

In view of the foregoing, the court hereby grants Condado's motion to dismiss and orders the dismissal of the case pursuant section 1208(c)(1) for unreasonable delay prejudicial to creditors and Debtor's failure to file a timely confirmable plan under Section 1208(c)(3).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of April 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge